UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
MAY 1 8 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-318-GWU

RODNEY H. HAMMOND, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

INTRODUCTION

Rodney Hammond brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Hammond, a 52 year-old former company laborer with a high school education, suffered from impairments related to discogenic and degenerative disorders of the spine, post-traumatic arthritis of the right ankle, a contracture deformity of the toes, a general anxiety disorder, dysthymia, a personality disorder, a mood disorder, and strains/sprains of all types. (Tr. 17, 25). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 27). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 28). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 26-27).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. The ALJ erred in evaluating Hammond's physical condition. However, the current record

5

also does not mandate an immediate award of SSI. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The physical restrictions presented to Vocational Expert William Ellis included an exertional limitation to light level work along with a need to avoid moderate exposure to respiratory irritants such as smoke, fumes, dust, and noxious gases and a sit/stand option. (Tr. 85). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 85-86). The Court notes that every treating and examining source of record who reported specific limitations, including Dr. Michael Randolph (Tr. 456-457), Dr. David Muffley (Tr. 509), and Dr. Hughes Helm (Tr. 599), identified the existence of more severe physical limitations than those presented to Ellis.[1] Significantly, all restricted the plaintiff to a limited range of sedentary level work.[2] The ALJ noted reasons for rejecting as binding the opinions of Dr. Randolph and Dr. Muffley. (Tr. 20). Even if these findings were appropriate,[3] their opinions are not specifically contradicted by those of another treating or examining source. While the ALJ noted Dr. Helms' findings, she did not state any reason to reject his opinion. (Tr. 21). Therefore, all of these opinions contradict the ALJ's findings.

---

[1] In July of 2000, Dr. James Bean opined that Hammond was disabled from his occupation. (Tr. 277). Dr. Bean did not address the issue of other jobs and did not specify functional limitations. Furthermore, Dr. Bean dealt only with the plaintiff's back problems. Therefore, his opinion does not support the administrative decision.

[2] If the claimant is ultimately found to be limited to sedentary level work, a finding of disabled status may be mandated by Rule 201.12 of the Medical-Vocational Guidelines as of his 50th birthday on March 2, 2002.

[3] The defendant concedes that the ALJ incorrectly found that the plaintiff did not have a treating relationship with Dr. Randolph. Commissioner's Memorandum, Docket Entry No. 18 at page 5.

6

Dr. David Swan (Tr. 394-402) and Dr. Gary Higgason (Tr. 403-411), the non-examining medical reviewers, each reported that Hammond could perform a restricted range of medium level work. An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner has clearly stated the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). In the present action, Dr. Swan saw the record in October of 2000 and so, had no opportunity to see and comment upon Dr. Muffley's November, 2000 report or Dr. Helms' April, 2003 report. Dr. Higgason saw the record in February of 2000 and also had no opportunity to see Dr. Helms' report. Furthermore, the physician merely affirmed the rationale for Dr. Swan's report without addressing Dr. Muffley's findings. The ALJ should at least have obtained the opinion of a medical advisor who had seen the entire record. Therefore, these reports cannot be used to support the administrative decision and a remand of the action for further consideration is required.

Hammond previously filed an application for Disability Insurance Benefits (DIB) on October 31, 1998 which was denied at all administrative levels in a decision final as of March 30, 2000.[4] (Tr. 16). The plaintiff sought reopening of this denial decision on the current application. (Tr. 46, 134-135). The ALJ concluded that the evidence was not sufficient for reopening, a finding that the claimant challenges in this appeal. (Tr. 17). Hammond cites as "new and material" evidence to justify a reopening Dr. Randolph's June and July, 2000 findings, which included a review of Dr. James Bean's January, 2000 neurological findings. Thus, the doctor's restrictions "relate back" to the earlier time period. However, the plaintiff has not presented "good cause" as to why Dr.

---

[4]This denial decision was affirmed by the Court on April 30, 2002. (Tr. 138).

7

Randolph was unable to review Dr. Bean's findings before the ALJ issued the earlier denial decision. Dr. Bean's January, 2000 findings indicate that there was no deformity of the back upon physical examination and no lumbar tenderness. (Tr. 279). Straight leg raising was negative and motor function in the knees, ankles, and toes was normal. The doctor found no sensory loss. (Tr. 279). These modest findings do not support Dr. Randolph's opinion and the Court must reject the request for reopening.

The undersigned concludes that the administrative decision must be reversed, and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment decision, in so far as such relief is achieved, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this decision.

This the ___18___ day of May, 2005.

                                                    G. WIX UNTHANK  
                                                  SENIOR JUDGE